# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | 1:25-mj-00379-SH |
| § | | |
| **ALEXA MAE JOHNSON** § | | |
| *Defendant* § | | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on April 30, 2025, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, signed by the Court on April 28, 2025 ("Petition") (Dkt. 18). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On April 4, 2025, Defendant Alexa Mae Johnson was arrested pursuant to a criminal complaint and charged with possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(b)(1)(C). Dkts. 1, 9. The Court ordered her released on conditions on April 9, 2025. Dkt. 14.

The Petition alleges that Defendant was unsuccessfully discharged from inpatient substance abuse therapy and counseling on April 28, 2025, after she was involved in a verbal altercation with another patient.

The Court has considered the Pretrial Services Report, the Petition, and the evidence and arguments of counsel for Defendant and the government at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant has violated Condition 7(o) of her release,

requiring that she participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services officer or supervising officer. Dkt. 14 at 2.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if she remains on release, and that she is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148. Defendant has been accepted into another inpatient substance abuse therapy and counseling program and requested the opportunity to complete the program. Before her discharge, Defendant was elected to a leadership role within her treatment program, and she tendered twelve letters of support from her fellow patients. She also has been compliant with all other conditions of release

Accordingly, it is **HEREBY ORDERED** that Defendant shall be **DETAINED** until **May 1, 2025**, when she shall be **RELEASED** to a program of inpatient substance abuse therapy and counseling as directed by Pretrial Services.

Defendant is **HEREBY ORDERED** to abide by all conditions in the Order Setting Conditions of Release (Dkt. 14) and follow all instructions from Pretrial Services.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 18) is **DENIED**.

**SIGNED** April 30, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE